UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 18-865-CAS (KK) | Date: | June 7, 2018 |
| Title: | *Derrick Lee Sledge v. Craig Koening* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order to Show Cause Why this Action Should Not Be Summarily Dismissed for Failure to State a Cognizable Habeas Claim

# I.
# INTRODUCTION

On May 8, 2018, Petitioner, an inmate at Correctional Training Facility in Soledad, California, constructively filed[1] a pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. See Dkt. 1, Pet. Petitioner raises the following two claims related to a state court's denial of resentencing under Proposition 47, section 1170.18 of the California Penal Code: (1) the "State abuse[d] [its] discretion" by denying Petitioner relief under Proposition 47, which was "contrary to and an unreasonable application of clearly established federal laws," and (2) the State "acted under fundamental miscarriage of justice" because of "accumulations of plain errors." Id. at 10. As discussed below, the Court orders Petitioner to show cause why his petition should not be summarily dismissed for failure to state a cognizable habeas claim.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the Petition on May 8, 2018. ECF Docket No. ("Dkt.") 1, Pet. at 8. Thus, the Court deems May 8, 2018 the Petition's filing date.

## II.
## DISCUSSION

**A.     Applicable Law**

A district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); see also Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).

State sentencing issues are generally not cognizable on federal habeas review.  See Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding whether assault with a deadly weapon was a serious felony under state enhancement statute is a state law question not cognizable on federal habeas review).  A petitioner cannot establish a federal claim "warranting habeas relief, simply because, or if, [a state court] misapplied [state] law or departed from its past precedents."  Little v. Crawford, 449 F.3d 1075, 1083 (9th Cir. 2006); see also Beck v. Washington, 369 U.S. 554-55, 82 S. Ct. 955, 8 L. Ed. 2d 98 (1962) ("[T]he Fourteenth Amendment does not 'assure uniformity of judicial decisions . . . (or) immunity from judicial error. . . .' Were it otherwise, every alleged misapplication of state law would constitute a federal constitutional question." (citation omitted)).  Moreover, a petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process."  Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997.

**B.     Analysis**

Here, Petitioner fails to raise a cognizable habeas claim because he does not allege he is in custody in violation of the Constitution or laws or treaties of the United States.  Petitioner challenges instead the state court's denial of resentencing under section 1170.18 of the California Penal Code.[2]  Although Petitioner cites the Equal Protection Clause and Due Process Clause in

---

[2]     To the extent Petitioner challenges his original 1999 conviction and sentence for possession of fictitious instrument, check forgery, and second degree burglary, the Petition would be subject to dismissal as second and successive requiring proper authorization from the Ninth Circuit Court of Appeals.  See 28 U.S.C. § 2244(b)(3)(A); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); Goodrum v. Busby, 824 F.3d 1188, 1194 (9th Cir. 2016) ("As a general principle, . . . a petition will not be deemed second or successive unless, at a minimum, an earlier-filed petition has been finally adjudicated.").  Petitioner has filed four prior petitions in this Court seeking to challenge his 1999 conviction and sentence.  See Case No. CV 15-120-CAS (AJW); Case No. SACV 11-246-CAS (AJW); Case No. CV 10-2081-CAS (AJW); Case No. SACV 03-1190-CAS (AJW).  Absent proper authorization, the Court lacks jurisdiction to consider second or successive petitions and must dismiss such challenges without prejudice.  Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001); 28 U.S.C. § 2244(b)(2).

his claims (see Pet. at 13-18), he cannot transform his claims concerning the state court's application of its own state's resentencing laws into a federal claim merely by asserting constitutional violations. See, e.g., Watts v. Montgomery, CV 15-7294 MWF (SS), 2018 WL 2175974, at *3 (C.D. Cal. Mar. 19, 2018) (holding a petitioner's federal habeas petition challenging the state court's denial of his application for resentencing was not cognizable); Aubrey v. Virga, EDCV 12-822-JAK (AGR), 2015 WL 1932071, at *9-*10 (C.D. Cal. Apr. 27, 2015) (same); Holloway v. Price, CV 14-5987-RGK (SS), 2015 WL 1607710, at *6-*8 (C.D. Cal. Apr. 7, 2015) (same). This action, therefore, appears subject to summary dismissal for failure to state a cognizable habeas claim.

### III.
### ORDER

Thus, the Court **ORDERS** Petitioner to respond within **twenty-one (21) days** of the date of this Order by electing one of the following options:

1. File a written response explaining why Petitioner's claims are cognizable on habeas review. If Petitioner contends his claims are cognizable on habeas review, Petitioner must explain and attach any supporting documents. Petitioner must explain how his claims allege more than errors in state resentencing processes alone.

2. Voluntarily dismiss this action without prejudice. Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court has attached A Notice of Dismissal form**. However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

If Petitioner fails to respond within **twenty-one (21) days** of the date of this Order, the Court will dismiss this action with prejudice for failure to state a cognizable habeas claim and/or failure to prosecute and obey court orders. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**