O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK LEE SLEDGE, | Case No. SACV 18-865-CAS (KK) |
| Petitioner, | ORDER SUMMARILY DISMISSING ACTION WITH PREJUDICE |
| v. | |
| CRAIG KOENING, | |
| Respondent. | |

**I.**

**INTRODUCTION**

On May 8, 2018, Derrick Lee Sledge ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF Docket No. ("Dkt.") 1. On June 7, 2018, the Court issued an Order to Show Cause Why Petition Should Be Dismissed. Dkt. 5. For the reasons discussed below, the Court summarily DISMISSES this action with prejudice.

**II.**

**SUMMARY OF PROCEEDINGS**

On May 8, 2018, Petitioner constructively filed[1] a Petition for Writ of Habeas Corpus. Dkt. 1. Petitioner raised two claims related to a state court's

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the

denial of resentencing under Proposition 47, section 1170.18 of the California Penal Code: (1) the "State abuse[d] [its] discretion" by denying Petitioner relief under Proposition 47, which was "contrary to and an unreasonably application of clearly established federal laws," and (2) the State "acted under fundamental miscarriage of justice" because "accumulations of plain errors." Id.

On June 7, 2018, the Court issued an Order to Show Cause Why this Action Should Not Be Summarily Dismissed for Failure to State a Cognizable Habeas Claim ("OSC"). Dkt. 5. The OSC observed the Petition appeared subject to dismissal for failing to state a cognizable habeas claim. Id. at 3. The OSC instructed Petitioner to (a) "[f]ile a written response explaining why Petitioner's claims are cognizable on habeas review," or (b) "request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)." Id. at 3.

Petitioner has failed to file a written response within twenty-one (21) days of the OSC.

### III.
### DISCUSSION
### THE PETITION IS SUBJECT TO DISMISSAL
### FOR FAILURE TO STATE A CLAIM

**A. Applicable Law**

A district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).

State sentencing issues are generally not cognizable on federal habeas review. See Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d

---

date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

606 (1990); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding whether assault with a deadly weapon was a serious felony under state enhancement statute is a state law question not cognizable on federal habeas review). A petitioner cannot establish a federal claim "warranting habeas relief, simply because, or if, [a state court] misapplied [state] law or departed from its past precedents." Little v. Crawford, 449 F.3d 1075, 1083 (9th Cir. 2006); see also Beck v. Washington, 369 U.S. 554-55, 82 S. Ct. 955, 8 L. Ed. 2d 98 (1962) ("[T]he Fourteenth Amendment does not 'assure uniformity of judicial decisions . . . (or) immunity from judicial error. . . .' Were it otherwise, every alleged misapplication of state law would constitute a federal constitutional question." (citation omitted)). Moreover, a petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997.

**B.    Analysis**

Here, Petitioner fails to raise a cognizable habeas claim because he does not allege he is in custody in violation of the Constitution or laws or treaties of the United States. Petitioner challenges instead the state court's denial of resentencing under section 1170.18 of the California Penal Code.[2] Although Petitioner cites the

---

[2] To the extent Petitioner challenges his original 1999 conviction and sentence for possession of fictitious instrument, check forgery, and second degree burglary, the Petition would be subject to dismissal as second and successive requiring proper authorization from the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); Goodrum v. Busby, 824 F.3d 1188, 1194 (9th Cir. 2016) ("As a general principle, . . . a petition will not be deemed second or successive unless, at a minimum, an earlier-filed petition has been finally adjudicated."). Petitioner has filed four prior petitions in this Court seeking to challenge his 1999 conviction and sentence. See Case No. CV 15-120-CAS (AJW); Case No. SACV 11-246-CAS (AJW); Case No. CV 10-2081-CAS (AJW); Case No. SACV 03-1190-CAS (AJW). Absent proper authorization, the Court lacks jurisdiction to consider second or successive petitions and must dismiss such challenges without prejudice. Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001); 28 U.S.C. § 2244(b)(2).

Equal Protection Clause and Due Process Clause in his claims (see Pet. at 13-18), he cannot transform his claims concerning the state court's application of its own state's resentencing laws into a federal claim merely by asserting constitutional violations. See, e.g., Watts v. Montgomery, CV 15-7294 MWF (SS), 2018 WL 2175974, at *3 (C.D. Cal. Mar. 19, 2018) (holding a petitioner's federal habeas petition challenging the state court's denial of his application for resentencing was not cognizable); Aubrey v. Virga, EDCV 12-822-JAK (AGR), 2015 WL 1932071, at *9-*10 (C.D. Cal. Apr. 27, 2015) (same); Holloway v. Price, CV 14-5987-RGK (SS), 2015 WL 1607710, at *6-*8 (C.D. Cal. Apr. 7, 2015) (same). This action, therefore, is summarily dismissed for failure to state a cognizable habeas claim.

## IV.
## **ORDER**

Thus, this Court ORDERS Judgment be entered summarily DISMISSING this action with prejudice.

Dated: July 13, 2018

HONORABLE CHRISTINA A. SNYDER
United States District Judge

Presented by:

HONORABLE KENLY KIYA KATO
United States Magistrate Judge

4